## P. A. Russell, Defendant in Error, v. William Tevnan, Plaintiff in Error.

### Gen. No. 23,050.

BUILDING AND CONSTRUCTION CONTRACTS—*when owner not liable for materials and labor furnished under agreement to pay for same to contractor.* In an action by a subcontractor against the owner of property to recover for materials and labor furnished the principal contractor in the erection of a building thereon for which it is alleged that defendant agreed to pay, there can be no recovery where, according to plaintiff's version of the agreement, defendant has already paid him for so much as he agreed to pay.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed with finding of facts. Opinion filed October 31, 1917. Rehearing denied November 17, 1917.

THEODORE JOHNSON, for plaintiff in error; ELMER H. HEITMANN, of counsel.

M. M. JACOBS, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

P. A. Russell brought suit in the Municipal Court of Chicago against William Tevnan to recover $429.50. The jury returned a verdict in favor of plaintiff for the amount claimed, on which judgment was entered, to reverse which defendant prosecutes this writ of error.

The record discloses that defendant was the owner of real estate in Chicago, upon which he desired to construct a three story and basement apartment building and entered into a written contract with one C. O. Johnson, whereby Johnson agreed to do the carpenter and mill work. Afterwards Johnson entered

into a verbal contract with plaintiff whereby plaintiff was to furnish the mill work for $1,425. The parties proceeded under their respective contracts, and on or about October 26, 1912, Johnson owed plaintiff about $300. Johnson having neglected to pay plaintiff, the latter refused to furnish any further material, and thereupon the defendant called on the plaintiff and requested that he deliver certain material under his contract with Johnson, and an agreement was reached whereby this was done, and the work was afterwards completed.

Plaintiff claimed there was a balance due him of $429.50 from Johnson, and, after making several demands for payment, he brought this suit against the defendant claiming that defendant had on October 26th agreed to pay plaintiff for the materials furnished. A number of contentions are made by the respective parties, but, in the view we take of the case, it will be unnecessary to pass upon but one of them.

The evidence tends to show that after plaintiff had furnished the frames, for which there was due him about $300, Johnson neglected to pay the same, and plaintiff refused to furnish further material. Defendant being desirous of having his building completed called on the plaintiff October 26, 1912. Plaintiff contends that at that time defendant stated that if plaintiff would continue to furnish the material he would pay for it; that thereupon plaintiff continued to furnish the material and on November 30th received $150 from Johnson and $100 from defendant, and on January 10th, following, plaintiff received $800 from defendant. The evidence further tends to show that, after October 26th, plaintiff made repeated demands for payment on Johnson, and on January 10, 1913, served a notice of mechanic's lien on the defendant and his architect, wherein it was stated that plaintiff

had entered into a contract with Johnson to furnish the mill work on the building for $1,425, and extras amounting to $108; that this material was furnished Johnson under the latter's contract with the plaintiff; that upon completion of the work by plaintiff there would be due $1,473.50. Afterwards, on February 1st, plaintiff sent an itemized bill to Johnson claiming a balance of $429.50. Johnson having neglected to make the payment, plaintiff filed in the Circuit Court of Cook county a bill to enforce his mechanic's lien against the defendant, Johnson and other parties. The bill was sworn to by plaintiff and was offered in evidence in this case. It sets up that Johnson had entered into a contract with the plaintiff for constructing certain parts of the building, and that plaintiff entered into a subcontract with Johnson to furnish the mill work. There is no averment that the defendant had subsequently agreed to pay the plaintiff for the materials.

The evidence further shows that the defendant had obtained a loan through one Broomell; that on November 30th, when plaintiff received payment of $250, $100 was obtained from Broomell upon request of the defendant; that when the $800 was paid the following January, plaintiff requested the defendant to have Broomell pay this sum, stating that the defendant could charge it to Johnson. Thereupon the defendant stated that he was not certain whether he could legally do this, and immediately called his attorney, and after the matter was considered, the attorney advised that the payment could be thus made, and it was accordingly done.

The defendant denied that on October 26th, he promised to pay plaintiff for the materials, and stated that the only materials mentioned in that conversation were the sashes, which he then requested plaintiff to furnish. Plaintiff also testified that it was the furnishing of the sash that was discussed at that time, and claimed that

defendant agreed if it was furnished he would pay for it. Plaintiff's two sons testified that at the meeting of October 26th, the defendant stated that he would pay for the "materials" or "goods" if the plaintiff would furnish them, but upon cross-examination of these two witnesses it appears that the only material which defendant requested to be furnished was the sash, and there is no contention that these sashes have not all been paid for.

It therefore appears, if we accept plaintiff's version of the agreement of October 26th, that defendant then agreed to pay for the sashes if plaintiff would furnish them, and this is the extent of the direct liability of the defendant to the plaintiff in this case. And as plaintiff has already received payment for the sash, there is no basis upon which the judgment can be sustained, and the court should have sustained defendant's motion made at the close of all the evidence to instruct the jury to find for him. It follows that the judgment of the Municipal Court of Chicago must be reversed with a finding of fact.

*Reversed with a finding of fact.*

Finding of fact: The court finds as an ultimate fact that the defendant did not on October 26, 1912, promise to pay plaintiff for all the materials which the latter should furnish, but that the promise then made, if any, was limited to the sash; and that the plaintiff has received payment for the sash.